UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
RODERICK LEWIS,                                               :
                                                              :
                           Plaintiff,                         :
                                                              :    INITIAL REVIEW
            -against-                                         :    ORDER PURSUANT TO
                                                              :    28 U.S.C. § 1915A
MARK GADO, et al.,                                            :
                                                              :    24-CV-1441 (VDO)
                           Defendants.                        :
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Roderick Lewis, a sentenced inmate, has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. §§ 1983 and 1985. The complaint names fifteen defendants, Sergeant Mark Gado, Sergeant Maurotollo, Police Chief John Doe, Sergeant Stanley Pliszka, and Officer J. Healey, all of the West Haven Police Department; the City of West Haven; Carla Serrini and Rose Kelly, who are alleged to be employees of the City of West Haven; Attorney Michael Leone; Clerk Dan, of the Milford Superior Court; Assistant State's Attorneys Margaret Kelly and Erin Stack; and Judges Peter Brown, Russo, and Bhatt. Plaintiff states that he brings "State Constitutional torts, Federal torts and negligence torts, and Intentional torts, for 1st, 14th amendment violations of due process, 8th amendment violations for I.I.E.D. cruel and Unusual punishment, and other issues...." ECF No. 1, at 1 (capitalization in original). Plaintiff seeks damages from defendants Gado, Maurotollo, Doe, Pliszka, Serrini, Rose Kelly, Healey, Leone, and City of West Haven in their individual and official capacities, and injunctive relief from Clerk Dan, Margaret Kelly, Stack, Brown, Russo, and Bhatt in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the Court orders as follows.

I.  **BACKGROUND**

In 2011, Plaintiff filed a lawsuit against West Haven Police Officers alleging illegal search and use of excessive force. ECF No. 1 ¶ 19. The case was scheduled for trial in July 2013. *Id.*

In May 2013, Officer Healey performed a traffic stop during which he broke Plaintiff's phone and threatened Plaintiff with retaliation if Plaintiff did not drop the lawsuit. *Id.* ¶ 20. On May 19, 2013, Plaintiff filed a citizen's complaint against Officer Healey regarding his conduct during the traffic stop. *Id.* ¶ 21. Plaintiff did not drop the lawsuit and the defendants prevailed. *Id.* ¶ 22.

On December 17, 2013, Officer Healey arrested Plaintiff on charges relating to a home invasion. *Id.* ¶ 23. On February 18, 2016, Plaintiff was sentenced to fourteen years imprisonment followed by six years of special parole. *Id.* ¶ 24.

In 2017, Plaintiff filed a state habeas action alleging ineffective assistance of counsel and prosecutorial misconduct. *Id.* ¶ 25. When Plaintiff submitted Freedom of Information

requests seeking documents to use in his habeas trial, he "was made aware that the Police Departments Defendants conspired to destroy and deny public record documents." *Id*. ¶ 26.

Plaintiff then filed a federal action, *Lewis v. Doe*, No. 3:19-cv-2015(JCH). Plaintiff alleges that "this civil action was granted for retaliation for the destroyed documents, but also the initial arrest for Home Invasion was ruled to be made in retaliation, which the matter was settled." *Id*. ¶ 27. Plaintiff alleges that he agreed to settle the case because he thought his injury from the allegedly retaliatory arrest would be redressed, but this did not happen. *Id*. ¶ 28.

When nothing was done regarding his arrest, Plaintiff began to challenge the state's subject matter jurisdiction over the criminal matter. *Id*. ¶ 29. In March 2021, Plaintiff filed a motion to vacate his sentence which was denied after a December 2021 hearing. *Id*. ¶ 30. In January 2022, Plaintiff filed a motion to correct illegal sentence, again attacking the court's subject matter jurisdiction. *Id*. ¶ 31. The motion was dismissed at a December 20, 2022 hearing without ASA Kelly demonstrating the court's jurisdiction. *Id*. Petitioner then filed a mandamus action in state court, but the petition was denied without a hearing. *Id*. ¶ 32.

In April 2023, Plaintiff amended his state habeas petition to include a challenge to the court's subject matter jurisdiction on several grounds including that his arrest was retaliatory. *Id*. ¶ 33. In May 2023, ASA Stack and Judge Bhatt dismissed the newly added claims. *Id*. ¶ 34.

In November 2023, Plaintiff filed another motion to vacate attacking the state court's jurisdiction over him based on the federal court ruling that his arrest was retaliatory. *Id*. ¶ 35. In late February 2024, Plaintiff called the state court to check on the status of his motion to vacate. *Id*. ¶ 36. Clerk Dan told him that other defendants had said they refused to address the motion to vacate. *Id*. In March 2024, Plaintiff again spoke to Clerk Dan who said that he had spoken with ASA Kelly and Judge Brown separately and both said they would not address

3

Plaintiff's motion challenging the court's jurisdiction. *Id*. ¶ 37. Clerk Dan tried to discourage Plaintiff from pursuing the motion to vacate. *Id*. ¶ 38.

In May 2024, Plaintiff filed a mandamus action in Milford Superior Court seeking a hearing on the 2022 motion to correct illegal sentence during which the State would prove jurisdiction on the record. *Id*. ¶ 39. That same month, Plaintiff contacted ASA Stack to inquire about a hearing. *Id*. ¶ 40. She told Plaintiff she agreed with ASA Kelly that no hearing should be held, and that the testimony of all police officers involved showed that the trial court had subject matter jurisdiction at the time of Plaintiff's arrest. *Id*.

The habeas trial was held on June 12, 2024. *Id*. ¶ 41. Judge Bhatt denied the petition and denied the lack of jurisdiction claim without requiring ASA Stack to prove jurisdiction. *Id*. ¶ 42.

On July 31, 2024, Plaintiff was called to court on his 2023 motion to vacate sentence. *Id*. ¶ 45. Judge Russo denied the motion to vacate and did not require the State to prove jurisdiction. *Id*. He also denied a summons for the mandamus action. *Id*. During the hearing, ASA Kelly argued that the issue of subject matter jurisdiction was precluded by res judicata as Judge Bhatt had denied the claim. *Id*. ¶ 46.

## II.   DISCUSSION

Under 28 U.S.C. § 1915A, the Court must review civil complaints filed by prisoners and dismiss any portion of a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)–(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

It is well-established that submissions of *pro se* litigants are "reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam)). This liberal approach, however, does not exempt *pro se* litigants from the requirement that a *pro se* complaint must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff includes seven counts in his Complaint, (1) conspiracy, (2) retaliation, (3) violation of due process, (4) cruel and unusual punishment, (5) fraud, (6) denial of access to court, and (7) obstruction of justice. In all counts, Plaintiff alleges that the defendants conspired to violate these various rights. For example, in Court 4, Plaintiff alleges that all Defendants "conspired to turn a blind eye to the Plaintiff[']s constitutional right to due process [in the form of a hearing at which the State would prove the existence of subject matter jurisdiction over his criminal case] for the purpose of inflicting cruel and unusual punishment." ECF No. 1 at 14. In Count 6, Plaintiff alleges that all Defendants conspired to violate his right of access to the courts by denying him a hearing at which the State would prove the existence of subject matter jurisdiction over his criminal case. *Id.* at 16.

Plaintiff repeatedly refers to a federal court ruling, allegedly issued in 2021, that his arrest for home invasion was retaliatory. *Id*. at 12. He appears to base all of his claims in this case on his belief that the state lacked subject matter jurisdiction to entertain his criminal case because the federal court had determined that his arrest and state court conviction were retaliatory.

Plaintiff is mistaken. Plaintiff filed three civil rights cases in federal court after his 2013 arrest: *Lewis v. Lichtenstein*, No. 3:18-cv-1981(JCH); *Lewis v. Doe*, No. 3:19-cv-2015(JCH); and *Lewis v. Stango*, No. 3:22-cv-1248(OAW). The Court has reviewed the dockets in all three cases.[1] The first case, *Lewis v. Lichtenstein*, concerned prison medical care. The parties settled the second case and filed a joint stipulation dismissing all claims with prejudice. *See Lewis v. Doe*, No. 3:19-cv-2015(JCH) (ECF No. 100). Thus, the court did not reach the merits of Plaintiff's claims and entered no order determining that his arrest was retaliatory.

In the third case, Plaintiff alleged, as he does in this case, that the federal court had issued a ruling that his arrest for home invasion was retaliatory, and the State lacked subject matter jurisdiction over his criminal case. Plaintiff sought an order that the State provide a hearing at which the defendants would prove on the record that Plaintiff has consented to jurisdiction in his criminal case. *See Lewis v. Stango*, No. 3:22-cv-1248(OAW) (Initial Review Order, ECF No. 14, at 4.) The Court, Williams, U.S.D.J., noted that Plaintiff had been convicted for violation of state statutes, determined that "there is no suggestion that these state statutes did not empower [defendants] to act in their prosecutorial function to present the State's case in

---

[1] The court may take judicial notice of public documents when conducting an initial review under section 1915A. *Henderson v. Martin*, No. 21-CV-1308 (SRU), 2022 WL 2704100, at *2 n.3 (D. Conn. July 12, 2022) (citation omitted).

connection with Plaintiff's prosecution, sentencing, or requests for post-conviction relief" and dismissed the case. *Id.* at 16, 22.

As Plaintiff alleges that the federal order was issued in 2021, he must believe that the order was issued in his second case, *Lewis v. Doe*. However, there is no record on the docket of any order. The only reference to an allegedly retaliatory arrest is in the Initial Review Order on the Second Amended Complaint. In that order, the Court, Hall, U.S.D.J., determined that Plaintiff plausibly alleged a retaliation claim based on the arrest. *See Lewis v. Doe*, 3:19-cv-2015(JCH) (ECF No. 18, at 13-14). On initial review, however, the Court liberally construes the allegations and determines only whether the plaintiff states a plausible claim, *i.e.*, whether the claim should proceed to discovery and a decision on the merits. Permitting a claim to proceed on initial review, does not mean that the plaintiff will ultimately prevail on his claim. *See, e.g., Lusmat v. Papoosha*, No. 20-CV-1386 (JAM), 2021 WL 3206843, at *15 (D. Conn. July 29, 2021) ("Although it is unclear from the facts in the complaint whether the conditions reach both the severity and duration necessary for Lusmat to prevail on this claim, for purposes of initial review, Lusmat has plausibly stated a claim for unsanitary conditions of confinement."); *Barnes v. County of Monroe, Municipality*, No. 10-CV-6164, 2010 WL 11718370, at *2 (W.D.N.Y. Apr. 1, 2010) ("Although the Court is skeptical that plaintiff can prevail on many of the claims he has alleged, that is not the standard the Court must apply at this initial review."). Thus, the Initial Review Order is not a ruling that Plaintiff's arrest was retaliatory. Further, as the stipulation of dismissal states that the parties agreed to the dismissal of all claims with prejudice, there has not been any decision on the merits of the claim. Thus, all of Plaintiff's claims are based on a ruling that does not exist.

Plaintiff has not been afforded the hearing he wants. However, as his claim of right to the hearing is based on a ruling that does not exist, he fails to allege a plausible factual basis for his claims and the Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Further, although Plaintiff does not phrase his claims as challenging the validity of his conviction, the basic premise underlying all of his claims is that the trial court lacked subject matter jurisdiction over the criminal case. Thus, were Plaintiff to prevail on any claim, the validity of his conviction would be called into question. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that where a section 1983 claim calls into question the validity of an underlying conviction, the district court must dismiss the claim unless the conviction has been invalidated. *Id*. at 487. This requirement applies to claims seeking damages or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (*Heck*'s bar applies regardless of whether plaintiff seeks damages or injunctive relief). As any ruling in Plaintiff's favor would necessarily sanction his view that the trial court lacked jurisdiction over his criminal case, Plaintiff's claims also would be subject to dismissal under *Heck*. Plaintiff's recourse cannot be found in this venue.

### III.  CONCLUSION

The Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). As the Court concludes that Plaintiff could allege no facts supporting his premise that the federal court has held that his conviction was retaliatory, the Court declines to afford Plaintiff the opportunity to file an amended complaint. The Clerk is directed to enter judgment and close this case.

.

**SO ORDERED.**

Hartford, Connecticut
March 3, 2025

                                         /s/Vernon D. Oliver
                                        VERNON D. OLIVER
                                        United States District Judge